JOSEPH RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
VICTORIA R. CARRADERO (CSBN 217885)
Assistant United States Attorney

  450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7181
Facsimile:   (415) 436-6748
Email: victoria.carradero@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEAN APOSTOL           ) | NO. C 09-1807-MEJ |
|     Plaintiff,       ) | |
|              ) | [PROPOSED] ORDER ON DEFENDANT'S |
|   v.            ) | NOTICE OF MOTION AND MOTION TO |
|              ) | DISMISS FOR FAILURE TO PROSECUTE, |
| TOM VILSACK, SECRETARY OF THE  ) | FAILURE TO COMPLY WITH COURT |
| UNITED STATES DEPARTMENT OF     ) | ORDERS AND FAILURE TO PROVIDE |
| AGRICULTURE           ) | DISCOVERY |
|              ) | |
|     Defendant.      ) | Date: April 8, 2010 |
|              ) | Time: 10:00 a.m. |
|              ) | Department: Courtroom B, 15th Floor |
| _____ ) | Judge: Honorable Maria-Elena James |

Defendant's Motion to Dismiss Plaintiff's Action for Failure to Prosecute, Failure to Comply with Court Orders, and Failure to Provide Discovery pursuant to Federal Rules of Civil Procedure 37(b), 37(d), and 41(b) came on for hearing on ~~April 8~~, May 6, 2010 at 10:00 a.m. Plaintiff was represented by Arlo Garcia Uriarte and Defendant was represented by Assistant United States Attorney Victoria R. Carradero.

After considering the papers filed in support of and in opposition to the motion, the pleadings on file in this action, and having heard oral argument, the Court hereby **GRANTS** Defendant's motion pursuant to Rule 41(b).

## I. STATEMENT OF FACTS

The history of this litigation is contained in the discovery letter brief on Plaintiff's failure to appear for deposition, Docket Entry No. 16 (resubmitted again as Docket Entry No. 20 when Plaintiff failed to comply with the Court's January 14, 2010 order), as well as in other discovery letter briefs. Docket Entry Nos. 17, 21-22 and 26. For brevity's sake, the Court will not restate that history here.

As a result of Plaintiff's failure to comply with discovery obligations and court orders, the Court issued two Orders to Show Cause ("OSC"). Docket Entry Nos. 23 and 25. The first OSC required Plaintiff to show cause why sanctions should not be imposed for his failure to comply with discovery obligations, as well as his failure to comply with this Court's January 14, 2010 Order. Docket Entry No. 23. The Court ordered Plaintiff to file a declaration by January 28, 2010, and set a hearing on February 4, 2010. *Id.* On January 25, 2010, Plaintiff's attorney filed a declaration stating that he did not open the ECF notification containing the Court's January 14, 2010 order. Docket Entry No. 24. The declaration further stated that Plaintiff suffers from a depressive disorder and that Plaintiff told him that he left the United States for the Philippines because "he needed to recuperate after spending many months in the United States." *Id.*

On January 25, 2010, the Court issued a second OSC. Docket Entry No. 25. The order stated that Plaintiff's counsel's explanation is "unacceptable," that Plaintiff "has an obligation to vigorously prosecute his case," and that the "vigorous prosecution of a case does not include leaving the country for months at a time without notice to the Court or opposing counsel." *Id.* Accordingly, the Court vacated the February 4th OSC hearing, ordered Plaintiff himself and not his counsel to show cause why this case

[PROPOSED] ORDER ON DEFENDANT'S MOTION TO DISMISS
Case No. C 09-1807-MEJ

1   should not be dismissed for failure to prosecute, and ordered Plaintiff to file a declaration by February

2   11, 2010. *Id*. The Court set an OSC hearing on February 18, 2010. *Id*.

3       At the February 18, 2010 OSC hearing, Plaintiff did not appear, though his counsel did. At the

4   hearing, Plaintiff's counsel stated that "for one reason or another when the mediation date came close,

5   [Plaintiff] decided to leave the country for his own health benefits," and that since December 2009 it has

6   been very difficult for his attorney "to receive some sort of guidance from him directly." Declaration of

7   Victoria R. Carradero in Support of Defendant's Motion to Dismiss ("Carradero Decl.,"), Ex. 1

8   (February 18, 2010 OSC Hearing Transcript, pp. 2:22-24; 3:8-9). His counsel represented that "[t]he

9   only information he has from him is that in [Plaintiff's] own mind he intends to return to the United

10  States March of 2010." *Id*., at 3:9-11. Plaintiff's counsel further represented that he has communicated

11  to Plaintiff the Court's interest and Defendant's interest and his duty for vigorously prosecuting this

12  action." *Id*., 3:12-14.

13      The Court ordered Plaintiff's deposition to occur on March 24th and March 25th, 2010 and stated that

14  the Court is "going to put the matter back on with a warning to [Plaintiff] that if he hasn't attended the

15  deposition, [the Court] is intending to dismiss the case." Carradero Decl., Ex. 1 (February 18, 2010 OSC

16  Hearing Transcript, pp. 4:25-5:15). The Court further stated: "Okay, Counsel, I want to make this clear,

17  that if your client is not cooperating, I'm going to start issuing sanctions, including terminating sanctions

18  and dismissal of his claim. Do you understand?" *Id*., at 10:11-15. Plaintiff's counsel responded that he

19  understood and would communicate that to his client. *Id*., at 10:16-19.

20      Following the OSC hearing, the Court immediately issued two orders setting a February 25th deadline

21  for Plaintiff to submit a second SSA release consent form, a March 10th deadline for Plaintiff to produce

22  all outstanding discovery and for Dr. Lee to produce Plaintiff's medical records, and dates of March 24-

23  25 for Plaintiff's deposition. Docket Entry Nos. 27 and 30. The Court also extended all pretrial

24  deadlines by three weeks. Docket No. 27, ¶¶ 5-6.

25      Following the OSC, Defendant noticed Plaintiff's deposition for 9:30 a.m. on March 24th and March

26  25th and made arrangements for a court reporter, videographer and interpreter. Carradero Decl., ¶ 4; Ex.

27  2. The February 25th and March 10th discovery deadlines set by the Court came and went without

compliance by Plaintiff.[1/]  *Id.*, ¶ 6.  As the deposition date neared and neither Plaintiff nor his counsel communicated with Defendant as to the status of it, Defendant's counsel became concerned about incurring cancellation costs (which ranged in the amount of $1,000-$2,500) if Plaintiff failed to appear. *Id.*

Accordingly, on March 18, 2010, Defendant's counsel sent Plaintiff's counsel a letter and email notifying him of the cancellation charges and advising him that if Plaintiff failed to notify Defendant that he would not appear for deposition by the cancellation deadline and/or failed to appear for deposition on March 24, 2010, Defendant would seek sanctions against Plaintiff in an amount not less than the cancellation fees incurred.  Carradero Decl., ¶ 7, Exs. 4-5. On Saturday, March 20th, Plaintiff's counsel sent an email stating "Victoria, I would cancel the depositions.  No word from my client." *Id*, Ex. 5.  On Monday, March 22, 2010 at approximately 11:32 a.m., Defendant's counsel received a follow up voicemail from Plaintiff's counsel stating that he wanted to make sure that counsel received his email and that Defendant should cancel the deposition as he has not heard anything from his client and has not received any indication that Plaintiff was traveling for the deposition.  *Id.*, ¶ 7.  Accordingly, based on Plaintiff's counsel's email and voicemail, Defendant's counsel notified the vendors to cancel the reservations so as not to incur the cancellation fees.  *Id*.  Plaintiff did not appear at Defendant's counsel's office on March 24th or 25th.  *Id.*, ¶ 8.  Defendant heard nothing further from either Plaintiff or his counsel.  *Id*.

Defendant contends that his discovery plan for this case included obtaining written discovery from Plaintiff, including his medical records from his treating psychiatrist Dr. Paul Lee and other documents responsive to various requests.  Carradero Decl., ¶ 9.  Once those records and documents had been obtained and reviewed, Defendant intended to depose Plaintiff, followed by other witnesses revealed by the written discovery.  *Id*.  Defendant also intended to have an IME conducted of Plaintiff by a retained expert, as expert disclosures are due April 19, 2010, less than one month away.  *Id*.

Defendant contends that because of Plaintiff's interference with Defendant's attempts to conduct

---

1/      In the interim, Defendant continued to move this matter forward by requesting Plaintiff to stipulate to an Independent Mental Examination ("IME").  Carradero Decl., ¶ 5.  Neither Plaintiff nor his counsel substantively responded to Defendant.  *Id.*, Ex. 3.  Rather, Plaintiff's counsel stated that he has not had any contact with his client.  *Id*.

[PROPOSED] ORDER ON DEFENDANT'S MOTION TO DISMISS
Case No. C 09-1807-MEJ                                                                    3

discovery, Defendant will not be able to conduct fact and expert discovery within the currently-ordered deadlines. Carradero Decl., ¶ 10. Defendant contends that even if the information and documents were provided today, there is now insufficient time for Defendant to review that information, depose Plaintiff, have the IME conducted and an expert report prepared by the April 19th deadline. *Id*. Defendant also contends that even scheduling and noticing additional depositions by the new May 14th discovery deadline would be extremely challenging. *Id*.

## II. ANALYSIS

As discussed in more detail below, Plaintiff has had ample opportunity to comply with the Court's rules and deadlines, but Plaintiff has chosen to ignore his discovery obligations, Defendant's meet and confer efforts, the Court's orders, and the Federal Rules of Civil Procedure. Because of Plaintiff's failure to prosecute this case, failure to comply with the court's orders, and failure to provide discovery, especially in light of repeated inquiries by Defendant's counsel and several court orders requiring compliance, the Court finds that this case is suitable for dismissal with prejudice pursuant to Rule 41(b).

### A. The Court Find Dismissal Of This Action Appropriate For Failure To Prosecute And Comply with Court Orders

Rule 41(b) of the Federal Rules of Civil Procedure allows for the involuntary dismissal of an action due to the failure of the plaintiff "to prosecute or to comply with these rules or any order of the court." Fed. R. Civ. Proc. 41(b).

A federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute or to comply with court orders. *Link v. Wabach Railroad Co.*, 370 U.S. 626, 629-31 (1962); *see also Redfield v. Ystalyfera Iron Co.*, 110 U.S. 174, 176 (1884). "The power to invoke this sanction is necessary in order to prevent undue delays in disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-30. The "inherent power" of the court, is "governed not by rule or statute but by the control necessarily vested in courts to manage their affairs so as to achieve the orderly and expeditious disposition of cases." *Id.,* at 630-31. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.*, at 633.

In determining whether dismissal is warranted, the Court must weigh five factors:

(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

[PROPOSED] ORDER ON DEFENDANT'S MOTION TO DISMISS
Case No. C 09-1807-MEJ

4

favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. . . . Although beneficial to the reviewing court, a district court is not required to make specific findings on each of the essential factors.

*Moneymaker v. CoBen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (citations omitted).  "A reviewing court will give deference to the district court to decide what is unreasonable 'because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable.'" *Id.*, quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984).

In *Morris v. Morgan Stanley & Co.*, 942 F.2d 648 (9th Cir. 1991), the Ninth Circuit affirmed the dismissal with prejudice of the plaintiff's entire action, noting that, among other things, the plaintiff had "repeatedly failed to respond to correspondence from [defendants] regarding discovery."  *Id.* at 652. While the Ninth Circuit agreed that "there is indeed a policy favoring disposition on the merits, it is the responsibility of [the plaintiff] to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."  *Id.*  The Ninth Circuit also noted that "there is no requirement that every single alternative remedy be examined by the court before the sanction of dismissal is appropriate.  The reasonable exploration of possible and meaningful alternatives is all that is required."  *Id.*  If alternatives are discussed by the parties in their papers, the court need not make express findings regarding alternatives.  *Id.*

As discussed below, the weighing of the five factors favors dismissal of the case.

**1.  The Public's Interest In Expeditious Resolution Weighs In Favor Of Dismissal**

"The public's interest in expeditious resolution of litigation always favors dismissal."  *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Plaintiff has repeatedly refused to appear for deposition in the 11 months that his case has been pending, wilfully failed to provide outstanding discovery to discovery requests that were served back in October 2009, refused to respond to Defendant's meet and confer efforts, and wilfully failed to comply with several court orders (including orders where the Court permitted Plaintiff additional time to comply, *see.e.g.*, Docket Entry Nos. 19, 25, 27, 30).  Whether standing alone or taken together, each of these incidents demonstrates that Plaintiff has unnecessarily delayed this proceeding.  Plaintiff's failure to cooperate with counsel and the Court is not harmless.  His conduct has substantially hindered the Court's and Defendant's ability to move this case toward disposition and indicates that Plaintiff refuses to litigate this action diligently or comply with the

rules.  *Godfrey v. Astrue*, No CV 07-003336 SS, 2010 U.S. Dist. LEXIS 7578 at * 5 (January 29, 2010, C.D. Cal. 2010) (granting motion to dismiss for failure to prosecute where plaintiff failed to comply with discovery deadlines, failed to respond to defendant's motions and the court's order, and failure to attend a court hearing); *see also Ferdik v. Bonzelet, et al.*, 963 F.2d 1258, 1261 (9th Cir. 1992) (upholding district court's dismissal of action where case dragged on for over a year and a half before dismissal, during which time it consumed large amounts of the court's valuable time that it could have devoted to other cases on the docket); *see also Moneymaker,* 31 F.3d at 1452 (upholding dismissal where Plaintiff failed to take any substantive action in his case until after the motion to dismiss was filed: "Anything Moneymaker did to move his actions to trial was after he was forced to do so and he "cannot use his actions after the motion to dismiss was filed as evidence of his diligence in prosecuting the suit.") quoting *Fidelity Philadelphia Trust Co., v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). Thus, the first factor weighs in favor of dismissal.

### 2.  The Court's Need To Manage Its Docket Weighs In Favor Of Dismissal

"It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  Here, the Court has already given Plaintiff ample time to prosecute this action and extensions of time to comply with the Court's directives.  Docket Entry Nos., 19, 23, 25, 27, 30.  Rather than take advantage of these opportunities, Plaintiff continues to ignore the Court's orders.  The result has been that both Defendant and the Court have spent a considerable amount of time trying to manage this litigation and move it forward. Docket Entry Nos. 16-23, 25, 27, 30.  Subjecting the parties and the Court to continue in a futile process will not achieve the necessary outcome and will only result in further delay, inefficiency, and prejudice.  Thus, the second factor weighs in favor of dismissal.

### 3.  The Risk Of Prejudice To Defendant Weighs In Favor Of Dismissal

When considering prejudice, the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of actual prejudice to defendant from the failure.  *Moneymaker*,  31 F.3d at 1452-53.  Though the presumption is rebuttable, "[t]he law presumes injury from unreasonable delay." *Id*., at 1453.  Further, "[a] civil defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case.  *Adriana*

*Int'l Corp., v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). As the Ninth Circuit teaches, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643 (9th Cir. 2002). Further, "the failure to produce documents as ordered...is considered sufficient prejudice." *Adriana Int'l Corp.,* 913 F.2d at 1412.

Here, the Court is satisfied that Plaintiff's dilatory conduct has caused prejudice to Defendant. Plaintiff has refused to participate in the discovery process and this litigation, substantially prejudicing Defendant's ability to defend itself. Plaintiff refuses to appear for deposition, has interfered with production of Dr. Lee's records, and has refused to provide other outstanding discovery, despite repeated court orders. *Adriana Int'l Corp.,* 913 F.2d at 1412 (finding prejudice where repeated failure of plaintiff to appear at scheduled dispositions compounded by plaintiff's continuing refusal to comply with court-ordered production of documents constitutes an interference with the rightful decision of the case). Plaintiff also refuses to properly meet and confer with Defendant to resolve issues. Docket Entry Nos. 16-18, 20-22, 26. Plaintiff's conduct has also increased the burdens on Defendant by requiring repeated efforts by Defendant to meet and confer with Plaintiff on discovery and scheduling issues, only to have Plaintiff and his counsel fail to engage. Docket Entry Nos. 16-22, 26. This, in turn, has increased the burdens on the Court because Defendant is forced to file repeated discovery motions, *id.*, and the Court is left to resolve these matters and issue repeated orders, which subsequently go ignored by Plaintiff. Docket Entry Nos., 19, 23, 25, 27, 30. *Godfrey,* 2010 U.S. Dist. LEXIS 7578 at *6 (finding prejudice and granting motion to dismiss where plaintiff failed to participate in the discovery process: "the court is mindful that [plaintiff's] failure to comply with discovery deadlines has increased the burdens on [defendant], both financial and otherwise, by forcing it to file a motion to compel and a motion to extend the discovery deadline."). Defendant's ability to prepare a motion for summary judgment is also substantially impaired by Plaintiff's refusal to comply with discovery rules. Such interference with Defendant's ability to prepare this motion threatens the Court's ability to issue a rightful decision on it and efficiently adjudicate this matter.

Moreover, the Court has already moved the deadlines in this case once before due to the substantial delay caused by Plaintiff. Docket Entry No. 27, ¶¶ 5-6. Under the current Court-ordered schedule for this case, Defendant still does not have sufficient time to complete discovery, including, but not limited

[PROPOSED] ORDER ON DEFENDANT'S MOTION TO DISMISS
Case No. C 09-1807-MEJ

to Plaintiff's deposition and an IME required for expert disclosures on April 19, 2010.

Further, the underlying event in this matter, Plaintiff's termination, occurred nearly three years ago (with various other allegations, though time barred, having occurred several years before that). Docket Entry No. 1 (Plaintiff's Complaint). Thus, Plaintiff's delay further endangers witness' memories and the integrity of evidence. *Pagtalunan*, 291 F.3d at 643 (9th Cir. 2002); *Morris*, 942 F.2d at 652 ("[W]e may presume from the length of time that has elapsed between the events at issue here and the present, that [defendant's] ability to present its case has been prejudiced.")

"Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal." *Godfrey,* 2010 U.S. Dist. LEXIS 7578 at *5 (January 29, 2010, C.D. Cal. 2010). Here, Plaintiff has offered no excuse for failing to respond to Court orders. For these reasons, the third "prejudice" element favors dismissal. *Godfrey, supra* at *5.

### 4. The Public Policy Favoring Resolution On The Merits Does Not Outweigh Plaintiff's Failure To Comply With Procedural Rules And Court Orders

Notwithstanding the public policy favoring disposition on the merits, it is the responsibility of the moving party to move toward that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics. *Morris*, 942 F.2d at 652. Plaintiff has not discharged this responsibility despite having ample time. Under these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to provide discovery or comply with Court orders. *Godfrey*, at * 7-*8 (dismissing case sua sponte for Plaintiff's failure to prosecute and obey court orders); *Lucy v. Soc. Sec*., No. CV 07-4850 AG (CW), 2010 U.S. Dist. LEXIS 11008 (February 4, 2010, C.D. Cal. 2010) (granting Defendant's motion to dismiss for failure to effect service, failure to comply with court orders, and failure to prosecute). Rather, the other four factors strongly outweigh any policy for resolution on the merits.

### 5. No Less Drastic Alternatives Are Reasonably Likely To Work

No other less drastic sanctions appear reasonably likely to accomplish the necessary result. Accordingly, as it is highly unlikely that less drastic alternatives will change Plaintiff's chosen course of conduct, the fifth factor also weighs in favor dismissal.

Importantly, the Court has attempted to avoid outright dismissal by providing Plaintiff with ample opportunity and encouragement to comply with his obligations and court orders, and repeatedly warning

Plaintiff of his obligation to vigorously prosecute this action and of the consequences if he failed to do so. Docket Entry Nos. 19, 23, 25, 27, 30. The Court has, therefore, explored meaningful alternatives to dismissal. *Ferdik*, 963 F.2d at 1262 (upholding district court's dismissal of action where district court tried less drastic alternatives before dismissing action). Sanctions other than dismissal do not appear to be appropriate given that Plaintiff has failed to participate in his own litigation.

Ordering plaintiff to respond to discovery is not a reasonable alternative. The Court has already provided Plaintiff with ample time and has issued several orders which Plaintiff has violated, including, Docket Entry Nos. 23, 25, 27 and 30. Plaintiff and his counsel have also failed to comply with the most basic of the Court's orders regarding resolving discovery disputes. Standing Order on discovery; Docket Entry No. 19. Defendant and the Court have already expended a significant amount of time trying to resolve discovery and scheduling issues with Plaintiff and move this matter forward, all to no avail. Docket Entry Nos. 16-22, 26. Plaintiff and his counsel plainly fail to engage. *Id*. Subjecting the parties and the Court to continue in a futile process will not achieve the necessary outcome. Monetary sanctions also would not provide Defendant with the information it needs to defend this case. Moreover, it is highly unlikely that Plaintiff would comply with a court order for monetary sanctions when he has failed to comply with all other court orders. Evidentiary sanctions also would not remedy the substantial delay and would not provide Defendant with all of the information that it needs to fully prepare its defenses.

Plaintiff has shown that he is unwilling to comply with Court orders, procedural rules, and his obligations to vigorously prosecute this action. Plaintiff's refusal to engage in this litigation renders alternatives futile. Accordingly, the fifth factor also weighs in favor of dismissal.

## B. Plaintiff's Failure To Provide Discovery Also Warrants Dismissal

Defendant also moves to dismiss this action pursuant to Federal Rule of Civil Procedure 37.

Federal Rule of Civil Procedure 37(b)(2) provides in part the following:

> (A) For not obeying a discovery order. If a party or a party's officer, director, or managing agent...fails to obey an order to provide or permit discovery... the court where the action is pending may issue further just orders. They may include...

> (v) dismissing the action or proceeding in whole or in part.
Fed. R. Civ. Proc. 37(b)(2)(A)(v).

Federal Rule of Civil Procedure 37(d) provides in part the following:

[PROPOSED] ORDER ON DEFENDANT'S MOTION TO DISMISS
Case No. C 09-1807-MEJ

9

> **(d) Party's Failure to Attend Its Own Deposition,**
> **Serve Answers to Interrogatories, or Respond to**
> **a Request for Inspection.**
> **(1) In General.**
> (A) Motion: Grounds for Sanctions.   The court where the
> action is pending, may on motion, order sanctions if:
> > (i) a party or a party's officer, director or managing agent...
> > fails, after being served with proper notice, to appear for
> > that person's deposition;
> > ...
> > **(3) Types of Sanctions.**  Sanctions may include any of
> > the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Here, the Court's February 18th and 19th orders required: (1) Plaintiff to provide a second SSA consent release form to Defendant by February 25, 2010; (2) Plaintiff to produce all outstanding discovery to Defendant by March 10, 2010 (3) Plaintiff's medical records for Dr. Lee to be produced by March 10, 2010; and (4) Plaintiff to appear for deposition on March 24-25, 2010.  Docket Entry Nos. 27, 30.  In addition to the sanction warnings issued in the Court's prior orders (*see* Docket Entry Nos. 19, 23, 25), the Court specifically warned that if Plaintiff failed to appear for his deposition, his case could be dismissed.  Carradero Decl., Ex. 1 (4:25-5:15; 10:11-15).  The Court's order on medical records further warned Plaintiff that if Dr. Lee did not produce the medical records or if Plaintiff interfered with the production, that the Court would consider imposing sanctions, including terminating sanctions. Docket Entry No. 30, 2:27-3:1.

Despite this additional opportunity for Plaintiff to fulfill his discovery obligations and the Court's warning of the consequences if he failed to do so, none of these deadlines were complied with. Plaintiff's counsel continues to represent that he has had no contact with his client.  Carradero Decl., ¶¶ 7-8, Ex. 5.

Though it is not required for the Court to rule on this portion of Defendant's motion since it finds that dismissal is warranted pursuant to Rule 41(b), the Court notes that for the same reasons set forth above, Plaintiff's failure to provide discovery also warrants dismissal under Federal Rule of Civil Procedure 37.  *Adriana Int'l Corp.,* 913 F.2d 1406 (affirming dismissal of case for discovery abuses, pursuant to FRCP 37 where, among other things, plaintiff failed to produce documents and appear for deposition in violation of court and special master orders).

## III.   CONCLUSION

This matter has been pending for nearly one year.  In that time, Plaintiff has failed to comply with the

Court's orders, has refused to provide discovery, and has utterly failed to participate in this litigation. Plaintiff has not even communicated with Defendant or the Court to explain his lack of participation or to try to place the matter back on track. Plaintiff has also failed to respond to the third order to show cause. (Dkt. #40.)

The Court and Defendant have a right to expect the Plaintiff to take some action to move his case along, particularly where his lack of action has been repeatedly brought to his attention and he has been given numerous chances. This case has completely stalled, prejudicing Defendant and interfering with this Court's ability to timely and efficiently adjudicate the matter and manage its docket.

Accordingly, the Court finds that dismissal of this action with prejudice is warranted pursuant to Rule 41(b) in light of Plaintiff's failure to prosecute and comply with court orders.

Defendant's motion to dismiss Plaintiff's action with prejudice is hereby **GRANTED** as set forth above. This dismissal will operate as an adjudication on the merits and will thus be with prejudice to Plaintiff's refiling of a new action in federal court based on the same allegations. *Owen v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir.2001) (dismissal for failure to prosecute is treated as an adjudication on the merits); *Godfrey*, 2010 U.S. Dist. LEXIS 7578 at *7 (January 29, 2010, C.D.Cal. 2010) (same).

**IT IS HEREBY ORDERED**, **ADJUDGED AND DECREED** that Judgment is entered in favor of Defendant. The Clerk is ordered to enter the Order and Judgment, ~~serve the Order and Judgment on all parties and counsel~~ and close the file.

DATED:   May 6, 2010

_____
Hon. Maria-Elena James
Chief Magistrate Judge

[PROPOSED] ORDER ON DEFENDANT'S MOTION TO DISMISS
Case No. C 09-1807-MEJ

11